UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARNELL QUENTIN BROCKINGTON,<br><br>                           Petitioner,<br><br>v.<br><br>THE STATE OF NEVADA DISTRICT ATTORNEY, *et al.*,<br><br>                           Respondents. | Case No. 2:22-cv-00787-CDS-DJA<br><br>ORDER |

Petitioner Darnell Quentin Brockington filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing state criminal case and pretrial detention. ECF No. 1-1. This Court ordered Brockington to pay the filing fee, and he timely complied. ECF Nos. 3, 6. This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court finds that federal abstention is required, so the petition is dismissed without prejudice.

A.   BACKGROUND[1]

On April 7, 2022, in Clark County, Nevada, the State filed an Information charging Brockington with possession of a document or personal identifying information to establish false status or identity. His case, *State of Nevada v. Darnell Brockington*, Case No. C-22-363891-1, remains pending before the state district court.

In his petition for federal habeas relief, Brockington alleges: (1) law enforcement officers admitted in his pre-trial hearing that his identification was never used in any crime, but they

---

[1] The procedural history in this section is derived from the petitioner's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court"). This Court takes judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us/portal.

allege that it is illegal for him to have a "religious I.D. with [his] indigenous religious appellation on it," and (2) "a moving violation is not grounds to seize private religious or intellectual property under copyright and trademark." ECF No. 1-1 at 6. Brockington seeks to have "all unconstitutional charges be dismissed or that [he] be granted release until [his] trial."[2] *Id.* at 7.

### B. DISCUSSION

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

---

[2] Brockington alleges that he was incarcerated at the Clark County Detention Center at the time he filed his petition. ECF No. 1-1 at 1. However, using the Clark County Detention Center's inmate search and the identification number provided by Brockington—7525810—it appears that he is no longer incarcerated at that facility.

Brockington has not alleged or demonstrated that he has fully exhausted his state court remedies. Brockington alleges that he submitted evidence to the state justice court and the state district court regarding his claims (*see* ECF No. 1-1 at 2), but there is no demonstration that Brockington sought relief by a Nevada appellate court.[3] *See, e.g., Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied).

But even if this Court assumes that Brockington has exhausted his claims, he seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. The petitioner challenges law enforcement regarding his arrest, charges, and pretrial detention. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Brockington's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Brockington's pretrial motion

---

[3] This Court takes judicial notice of the online docket records of the Nevada appellate courts, which may be accessed by the public online at: https://caseinfo.nvsupremecourt.us.

practice or defenses at trial may ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so federal abstention is required. Because the charges against Brockington are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

C.    CONCLUSION

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to file Petitioner Darnell Quentin Brockington's petition for writ of habeas corpus [ECF No. 1-1].

IT IS FURTHER ORDERED that Petitioner Darnell Quentin Brockington's petition for writ of habeas corpus [ECF No. 1-1] **is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to informally electronically service Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 1-1] and this order.  No response is required from Respondents other than to respond to any orders of a reviewing court.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and close this case.

DATED this 14th day of June 2022.

_____
UNITED STATES DISTRICT JUDGE